UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROLANDA J. DAVIS, ET AL.,

                          Plaintiffs,

      -against-

NYS OFFICE OF CHILDREN AND
FAMILY SERVICES, ET AL.,

                        Defendants.
-----------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-1480 (JMA) (ARL)

**JOAN M. AZRACK, United States District Judge:**

Before the Court is the in forma pauperis application filed by pro se plaintiff Rolanda J. Davis ("Plaintiff"). Plaintiff filed a pro se complaint on behalf of herself and her children, SMD and KJD, purporting to allege a deprivation of their constitutional rights.[1] The sparse complaint includes claims relating to three discrete events: (1) excessive force claims arising from Plaintiff's November 2003 confinement at three different detention centers; (2) due process claims arising from the September 21, 2017 removal of Plaintiff's child, SMD, from her care; and (3) due process claims relating to the July 26, 2018 removal of Plaintiff's son from her care. (See Compl., ¶ I.B.) Plaintiff also complains that she received inadequate medical care "[d]uring placement in detention center" but does not provide the date(s) or location. (Id.) Accompanying the complaint is an

---

[1] It is well-established that a non-lawyer parent may not bring civil rights claims on behalf of minor children in federal court. See Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) (a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child in federal court). The Court has considered whether the appointment of counsel is warranted under the circumstances presented here. Because there is no right to counsel in a civil case, together with the fact that the complaint does not appear to allege a plausible claim, the Court declines to appoint counsel for Plaintiff's children. Accordingly, any claims asserted on behalf of Plaintiff's children are dismissed without prejudice. See Mills v. Fischer, 09-CV-0966A, 2010 WL 364457, at *2 (W.D.N.Y. Feb. 1, 2010) (denying appointment of counsel for pro se minor in Section 1983 suit where the claims raised in the complaint were "not likely to be of substance."); see also Schoon v. Berlin, 07-CV-2900, 2011 WL 1085274, at *2 (S.D.N.Y. Mar. 23, 2011) (denying appointment of counsel and dismissing all claims brought on behalf of child without prejudice where the complaint had "provide[d] insufficient indicia that the claims [we]re likely to be meritorious").

application to proceed in forma pauperis.  For the reasons that follow, the application to proceed in forma pauperis is denied without prejudice and with leave to renew upon completion of the AO 239 Long Form in forma pauperis application ("Long Form") attached to this Order.  Alternatively, Plaintiff may remit the $400.00 filing fee.[2]

Plaintiff has not included any information concerning her financial position.  Rather, Plaintiff wrote $0.00 or none in response to every question on the form.  (See ECF No. 2.) Although Plaintiff includes a residential address in New York City, she includes no monthly expenses associated therewith such as rent or mortgage payment, utilities, etc.  Plaintiff also includes a telephone number but Plaintiff has not reported any monthly expenses associated with that telephone number.  (Id. at ¶ 6.)  Although Plaintiff reports that she does not receive any monthly payments, including from public assistances, she does not include any monthly expenses for items such as food or transportation.  (Id. at ¶¶ 3, 6.)  Plaintiff also reports no debts.  (Id. at ¶ 8.)  Additionally, Plaintiff did not answer the question on the form that asks if the litigant is incarcerated and, if so, to include the name of the facility at which the litigant is detained.  (Id. at ¶ 1.)  However, she included a Prisoner Litigation Authorization form, and the complaint and in forma pauperis application were mailed to the Court in an envelope which reflects that Plaintiff mailed it from the Norfolk City Jail in Norfolk, Virginia.  (See ECF No. 1 at 6, ECF No. 3.)

Because the responses provided by Plaintiff do not permit the Court to conclude that Plaintiff is qualified to proceed in forma pauperis,, Plaintiff's application is denied without prejudice and with leave to renew upon completion of the Long Form application enclosed with this Order within twenty-one (21) days from the date of this Order.  As a one-time courtesy, the

---

[2] Because there are no refunds of the filing fee, Plaintiff is strongly advised to review the substance of her claims as well as the applicable statute of limitations.

2

Court will mail this Order to Plaintiff at both the address included on her complaint and the Norfolk City Jail address on the envelope. Plaintiff is advised that it is her responsibility to keep her address current with the Court. It is well-established that "it is plaintiff's responsibility to inform the Court if his [or her] address has changed." Simmons v. Ramirez, 17-CV-00313, 2019 WL 3454484, at *2 (S.D.N.Y. July 31, 2019); English v. Azcazubi, 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a pro se litigant, changes addresses, it is that party's obligation to notify the Court of the new address."); Dong v. United States, 02-CV-7751, 2004 WL 385117, at *2 (S.D.N.Y. Mar. 2, 2004) (dismissing a pro se litigant's claim because the litigant failed to inform the court of his current address, causing the court to lose contact with him).

Plaintiff is warned that her failure to timely comply with this Order will lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court shall mail a copy of this Order and the AO 239 Long Form to Plaintiff at the Norfolk City Jail and her address of record.

**SO ORDERED**.

Dated: September 24, 2020
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

3