FILED
CLERK

3/30/2021 3:25 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROLANDA J. DAVIS,

                        Plaintiff,

      -against-

NYS OFFICE OF CHILDREN AND
FAMILY SERVICES, et al.,

                     Defendants.
----------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-1480 (JMA) (ARL)

**AZRACK, United States District Judge:**

By Order dated September 24, 2020 (the "Order"), the Court denied the application to proceed in forma pauperis filed by pro se plaintiff Rolanda J. Davis ("plaintiff"). (Order, ECF No. 7.) The Court ordered plaintiff to either remit the $400 filing fee or renew her application to proceed in forma pauperis upon completion of the AO 239 Long Form in forma pauperis application ("Long Form") attached to the Order within twenty-one (21) days. (Id. at 2.) On November 19, 2020, plaintiff filed the Long Form. (ECF No.10.) Albeit untimely, the Court accepts it for filing. Upon review, the Court finds that plaintiff is qualified by her financial position to commence this action without prepayment of the filing fee. However, for the reasons that follow, the complaint is sua sponte dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and with leave to file an amended complaint.

## I. THE COMPLAINT

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form and names as defendants the Suffolk County Department of Social Services (CPS) ("DSS"), Suffolk County Commissioners John A. Johnson ("Johnson"), Frances Pierre ("Pierre"), and Dennis Nowak ("Nowak"), and the New York State Office of Children and Family Services


("NYSOCFS" and collectively, "defendants"). In its entirety, plaintiff's fact section alleges:[1]

> During November 10th, 2003 plaintiff Rolanda J. Davis was confined to 3 different detention centers were excessive force of abuse was used to subdue as well as misusage of medication, and misdiagnosis for a period of two and a half years. While under the care of NYS OCFS, Suffolk County Commissioner, and Suffolk County Department of Social Services.
>
> On September 21st 2017 unsupported allegations from a local shelter was ordered in a petition by Suffolk County Social Services ordering a removal of a child S.D.[2] Kinship resource were provided to aid child. Later JCCA admission without parental consent wall administrated. JCCA later informed mother of restraints used on children. On July 26, 2018, plaintiff son was also removed without prior supported notice and evidence to either allegation under case file # 133449.

Compl. ¶ II. In the space on the form that calls for a description of any claimed injuries, plaintiff responded:

> During placement in detention center little medical treatment was provided after a full prone body restraint resulting in severe body aches and pains, busted lips and emotional discomfort. Removal of my children S and K result in maladaptive behavior and complications during pregnancy due to high levels of distress. Further emotional distress and mental abject.

Id. ¶ II.A. For relief, plaintiff seeks "[t]he reunification of both of my children. Amnesty from the County of Suffolk and adjust agreement. Assistive compensation awarded of $1.6 million for past and present occurrances involving Commissioner(s) listed and both children state/federal agencies." Id. ¶ III.

---

[1] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

[2] The Court has used initials to identify plaintiff's minor child, rather than her full name, in accordance with the E-Government Act of 2002, as amended.

2

## II. DISCUSSION

**A.     In Forma Pauperis Application**

Upon review of plaintiff's renewed application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this case without prepayment of the filing fee. 28 U.S.C. §1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

**B.     Standard of Review**

Pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible

3

on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

C.     **Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" against each defendant named so that they have adequate notice of the claims against them. FED. R. CIV. P. 8(a)(2), see Iqbal, 556 U.S. at 678 (holding that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Velasquez v. Suffolk Cty. Police (7th Precinct), No. 19-CV-5368, 2019 WL 6726217, at *3 (E.D.N.Y. Dec. 11, 2019) (internal quotation marks and citation omitted). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Iqbal, 556 U.S. at 678 (internal citations and alterations omitted). Although the Court must afford pro se pleadings a liberal construction, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure. Ogidi-Abegaje v. Nassau Community College, No. 19-CV-5519, 2020 WL 7699643, at *1-2 (E.D.N.Y.

4

Dec. 28, 2020). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Here, as is readily apparent, plaintiff's complaint falls far short of the required pleading standard. Plaintiff's allegations are wholly conclusory and are devoid of factual content, making it impossible to determine the basis for her claims, the manner in which she was allegedly harmed, and who, if anyone, harmed her. In addition, wholly absent from plaintiff's complaint is any description of what, if anything, each defendant named in complaint allegedly did, or failed to do, and how such action or inaction violated plaintiff's rights. See Mendes Da Costa v. Marcucilli, 675 F. App'x 15, 17 (2d Cir. 2017) (summary order) (affirming dismissal where it was "virtually impossible to link the various defendants to [the plaintiff's] alleged injuries"). Moreover, the complaint fails to sufficiently allege a deprivation of plaintiff's constitutional rights. Because conclusory allegations are insufficient to give fair notice of the events of which she complains, see, e.g., Williams v. Ponte, 16-CV-5420, 2019 WL 4696425, *2 (E.D.N.Y. Sept. 26, 2019) (dismissing claims where allegations were merely conclusory), plaintiff's complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 8 and 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state

5

law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). The statute of limitations applied to claims brought pursuant to Section 1983 is three years. See Kelly v. New York, 19-CV-2063, 2020 WL 7042764, *12 (E.D.N.Y. Nov. 30, 2020) (citing N.Y. C.P.L.R. § 214(5); Wheeler v. Slanovec, 16-CV-9065, 2019 WL 2994193, *5 (S.D.N.Y. July 9, 2019) ("[F]ederal courts in New York apply a three-year statute of limitations for personal injury actions to § 1983 claims") (additional citation omitted)). Moreover, in an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).

    1.    Timeliness of Plaintiff's Section 1983 Claims

As a threshold matter, to the extent that plaintiff seeks to impose Section 1983 liability for events alleged to have occurred in 2003, such claims appear barred by the three-year statute of limitations. See Cotto v. City of New York, No. 17-2845, 2020 WL 1228765 (2d Cir. Mar. 13, 2020) ("Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations.") (citation omitted); Milan v. Wertheimer, 808 F.3d 961, 963 (2d Cir. 2015) ("Section 1983 actions in New York are subject to a three-year statute of limitations," which "run[s] from the time a 'plaintiff knows or has reason to know of the injury' giving rise to the claim." (first

6

citing Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995); then quoting Cornwall v. Robinson, 23 F.3d 694, 703 (2d Cir. 1994)). Plaintiff filed her complaint in this Court on March 16, 2020, approximately seventeen years after her alleged unlawful detention in 2003. (Compl. ¶ II.)

A failure to file a claim within the statute of limitations period is an affirmative defense, and sua sponte dismissal of plaintiff's claims arising from conduct alleged to have occurred in 2003 as time-barred is generally improper without first providing plaintiff notice and an opportunity to be heard. See Abbas v. Dixon, 480 F.3d 636, 640 (2d Cir. 2007) (holding that it was error for the district court to sua sponte dismiss a prisoner's complaint with prejudice on the basis of an anticipated statute of limitations defense without granting the prisoner notice and an opportunity to be heard). "Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading." Harris v. Admin. for Children Servs., No. 20-CV-6832, 2020 WL 5983236, at *2 (S.D.N.Y. Oct. 7, 2020) (citing Walters v. Indus. and Commercial Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (affirming sua sponte dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds)). Given plaintiff's pro se status and in an abundance of caution, plaintiff's Section 1983 claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and with leave to file an amended complaint as set forth below.

2. Personal Involvement

Plaintiff names Commissioners Johnson, Pierre, and Nowak as defendants but does not mention any of these individuals in the body of the complaint nor are there any factual allegations against any of them. Indeed, the only mention these individuals is in the caption of the complaint. (See Compl, generally.) As noted above, in order to allege a plausible § 1983 claim, a plaintiff

7

must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). As the Second Circuit recently made clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, as is readily apparent, plaintiff has not alleged any facts from which the Court could reasonably construe a plausible Section 1983 claim against these defendants. Indeed, although plaintiff names Commissioners Johnson, Pierre, and Nowak as defendants, there are no allegations of conduct or inaction attributable to any of them. Thus, plaintiff has not alleged a plausible claim against Commissioners Johnson, Pierre, and Nowak and these claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). See Gray v. Nassau Cty. Jail, No. 20-CV-02585, 2020 WL 4783400, at *3 (E.D.N.Y. Aug. 18, 2020) (sua sponte dismissing Section 1983 claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) where plaintiff did not include any facts from which the Court could plausibly construe a Section 1983 claim against supervisors).

3. Due Process Claims

Affording the pro se complaint a liberal construction, it appears that plaintiff seeks to pursue a due process claim under the Fourteenth Amendment. "Parents have a 'substantive right under the Due Process Clause to remain together with their children without the coercive interference of the awesome power of the state.'" Hagans v. Nassau Cty. Dep't of Soc. Servs.,

8

No. 18-CV-1917, 2020 WL 1550577, at *5 (E.D.N.Y. Mar. 31, 2020) (quoting Southerland v. City of N.Y., 680 F.3d 127, 142 (2d Cir. 2012)) (additional citation omitted). "While a procedural due process claim challenges the procedure by which a removal is effected, a substantive due process claim challenges the 'fact of the removal' itself." Hagans, 2020 WL 1550577, at *5 (internal quotation marks and citation omitted). To establish a substantive due process violation based on the removal of children from the home, "'a plaintiff must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" Mortimer v. City of N.Y., No. 15-CV-7186, 2018 WL 1605982, at *14 (S.D.N.Y. Mar. 29, 2018) (quoting Southerland, 680 F.3d at 151) (internal quotation marks omitted). In addition, procedural due process requires that, "before parents may be deprived of the care, custody, or management of their children without their consent, due process -- ordinarily a court proceeding resulting in an order permitting removal --must be accorded to them." Hagans, 2020 WL 1550577, at *5 (internal quotation marks and citation omitted). However, "children may be removed without a court order or parental consent in emergency circumstances where there is objectively reasonable evidence that the 'children will be left bereft of care and supervision' and that the risk of harm to the children is imminent." Hagans, 2020 WL 1550577, at *5 (citing Mortimer, 2018 WL 1605982, at *16).

     As is readily apparent, plaintiff's sparse allegations do not allege a plausible due process claim under a theory of either substantive or procedural due process. Wholly absent are any factual allegations from which the Court could reasonably construe a plausible due process claim. Accordingly, plaintiff's due process claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and with leave to file an amended complaint.

4.      Immunity

Even if plaintiff had properly alleged a plausible Section 1983 claim, her claims against the NYOFCS are barred by the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief." Yi Sun v. Saslovsky, No. 19-CV-10858, 2020 WL 6828666, at *3 (S.D.N.Y. Aug. 6, 2020) (citing Green v. Mansour, 474 U.S. 64, 72-74 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984)).

NYOCFS is an arm of the State of New York and, as such, enjoys Eleventh Amendment immunity. See Saslovsky, 2020 WL 6828666, at *3 (citing Estate of M.D. v. New York, 241 F. Supp. 3d 413, 421-22 (S.D.N.Y. 2017) (OCFS enjoys Eleventh Amendment immunity); Finch v. N.Y.S. Office of Children & Family Servs., 499 F. Supp. 2d 521, 535-36 (S.D.N.Y. 2007) (holding that Statewide Central Register of Child Abuse and Maltreatment ("SCR") supervisors that were sued in their official capacities enjoy same); Valmonte v. Peralesa, 788 F. Supp. 745, 755 (S.D.N.Y. 1992) (holding that the County Social Services Commissioners who supervise SCR enjoy same), rev'd on other grounds sub nom. Valmonte v. Bane, 18 F.3d 992 (2d Cir. 1994)). Accordingly, the Court dismisses plaintiff's Section 1983 claims against the NYOCFS pursuant to 28 U.S.C. § 1915(e)(2)(B) because such claims are barred by Eleventh Amendment immunity.[3]

---

[3] Such claims are also implausible because a state agency is not a "person" for purposes of Section 1983 liability. Saslovsky, 2020 WL 6828666, at *3 n. 2 (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of section 1983 liability).

### III. LEAVE TO AMEND

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, in an abundance of caution, the Court grants plaintiff thirty (30) days to amend her complaint to properly state a claim. Should plaintiff choose to file an amended complaint, the amended complaint must allege facts in support of her claims, including facts showing that equitable tolling applies to her untimely claims. She must also provide facts stating a claim for relief. Plaintiff must allege who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why she is entitled to relief. She must also name as defendants the individuals who violated her rights and, to the greatest extent possible, plaintiff must describe all relevant events, stating the facts that support plaintiff's case, including what each defendant did or failed to do and how each defendants acts or omissions violated plaintiff's rights. If plaintiff does not know the identities of the individuals she seeks to hold liable, she may name them as John Doe or Jane Doe and shall provide sufficient factual information in support of her claims against them.

Any amended complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Order, 20-CV-1480, and shall be filed within thirty (30) days from the date of this Order. If submitted, the amended complaint will be reviewed for compliance with

this Order and for sufficiency under FED. R. CIV. P. 8 and 28 U.S.C. § 1915.  Should plaintiff prepare an amended complaint, she should carefully consider this Order and amend her claims accordingly.

If plaintiff again fails to plead sufficient facts in her amended complaint, or if she fails to file an amended complaint within thirty (30) days, she will not have another opportunity to re-plead, and the Court will enter judgment.   Alternatively, plaintiff may pursue any valid claims she may have against the defendants under state law in state court.

### IV. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but the complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 8 and 28 U.S.C. §1915(e)(2)(B).  Plaintiff is granted leave to file an amended complaint within thirty (30) days from the date of this order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the plaintiff at her address of record.

**SO ORDERED.**
Dated: March 30, 2021
        Central Islip, New York

                                                 /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE